UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL H. STARR,<br>　　　　Plaintiff,<br>　　v.<br>R. ERGUIZA,<br>　　　　Defendant. | Case No. 16-cv-01459-DMR (PR)<br><br>**ORDER OF SERVICE** |

## INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison ("SVSP"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs. The court has granted Plaintiff leave to proceed *in forma pauperis*. Dkt. 8.

Plaintiff has consented to magistrate judge jurisdiction. Dkt. 5. Therefore, this matter has been assigned to the undersigned Magistrate Judge. Dkt. 6.

Venue is proper because the events giving rise to the claims are alleged to have occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names SVSP Nurse Practitioner R. Erguiza as the sole Defendant in this action. Dkt. 1 at 2. Plaintiff seeks monetary damages and injunctive relief. *Id.* at 3.

## DISCUSSION

**I.　STANDARD OF REVIEW**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1), (2).  *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**II.     DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS**

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *See McGuckin*, 974 F.2d at 1059.  A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  *Id.* (citing *Estelle v. Gamble*, 429 U.S. at 104).  A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

According to the complaint, Defendant is Plaintiff's primary care provider.  Dkt. 1 at 2.  Plaintiff claims that he suffers from Hepatitis C and ulcers.  *Id.* at 3.  Plaintiff claims that Defendant has failed to provide him with adequate treatment for his health problems or his complaints of pain.  *Id.*  Plaintiff adds the following complaints against Defendant: "[n]o physical exams, going on tanted [sic] xrays and ultrasounds[,] makeing [sic] false accusations against [Plaintiff], prolonging treatment by haveing [sic] [the] same tests ran over and over, starting pain

1  med. morphine and stop[p]ing it[,] [and] giving [him] pain meds that hurt [his] liver and stomach
2  when [Defendant] knows or [is supposed to] know that [Plaintiff] ha[s] Hep. C and ulcers." *Id.*
3  Liberally construed, Plaintiff's allegations state a cognizable claim of a violation of the Eighth
4  Amendment's proscription against deliberate indifference to serious medical needs.

## CONCLUSION

For the foregoing reasons, the court orders as follows:

1. Plaintiff complaint states a cognizable claim of deliberate indifference to his medical needs against Defendant Erguiza.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1), a Magistrate Judge jurisdiction consent form, and a copy of this Order to **SVSP Nurse Practitioner R. Erguiza**.

The Clerk shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendant to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the court, on behalf of Plaintiff, to waive service of the summons, fail to do so, Defendant will be required to bear the cost of such service unless good cause be shown for Defendant's failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on which the

1  request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever
2  is later.  **Defendant shall also respond to the Notice of Assignment of Prisoner Case to a**
3  **United States Magistrate Judge for Trial by filing a consent/declination form on the date the**
4  **Answer is due.**

5        4.     Defendant shall answer the complaint in accordance with the Federal Rules of Civil
6  Procedure.  The following briefing schedule shall govern dispositive motions in this action:

7        a.     No later than **sixty (60) days** from the date the answer is due, Defendant
8  shall file a motion for summary judgment or other dispositive motion.  The motion must be
9  supported by adequate factual documentation, must conform in all respects to Federal Rule of
10 Civil Procedure 56, and must include as exhibits all records and incident reports stemming from
11 the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[1] notice
12 so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to
13 oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out
14 in Rand must be served concurrently with motion for summary judgment).  A motion to dismiss
15 for failure to exhaust available administrative remedies must be accompanied by a similar notice.
16 However, the court notes that under the new law of the circuit, in the rare event that a failure to
17 exhaust is clear on the face of the complaint, Defendant may move for dismissal under Rule
18 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.
19 *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315
20 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative
21 remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a
22 defendant as an unenumerated Rule 12(b) motion).  Otherwise if a failure to exhaust is not clear on
23 the face of the complaint, Defendant must produce evidence proving failure to exhaust in a motion
24 for summary judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most
25 favorable to Plaintiff shows a failure to exhaust, Defendant is entitled to summary judgment under
26 Rule 56.  *Id.*  But if material facts are disputed, summary judgment should be denied and the

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

4

1   district judge rather than a jury should determine the facts in a preliminary proceeding.  *Id.* at
2   1168.
3       If Defendant is of the opinion that this case cannot be resolved by summary judgment,
4   Defendant shall so inform the court prior to the date the summary judgment motion is due.  All
5   papers filed with the court shall be promptly served on Plaintiff.
6       b.   Plaintiff's opposition to the dispositive motion shall be filed with the court
7   and served on Defendant no later than **twenty-eight (28) days** after the date on which Defendant's
8   motion is filed.
9       c.   Plaintiff is advised that a motion for summary judgment under Rule 56 of
10  the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you
11  must do in order to oppose a motion for summary judgment.  Generally, summary judgment must
12  be granted when there is no genuine issue of material fact—that is, if there is no real dispute about
13  any fact that would affect the result of your case, the party who asked for summary judgment is
14  entitled to judgment as a matter of law, which will end your case.  When a party you are suing
15  makes a motion for summary judgment that is properly supported by declarations (or other sworn
16  testimony), you cannot simply rely on what your complaint says.  Instead, you must set out
17  specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
18  as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and
19  documents and show that there is a genuine issue of material fact for trial.  If you do not submit
20  your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
21  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154
22  F.3d at 962-63.
23      Plaintiff also is advised that—in the rare event that Defendant argues that the failure to
24  exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available
25  administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without
26  prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did
27  exhaust your available administrative remedies before coming to federal court.  Such evidence
28  may include: (1) declarations, which are statements signed under penalty of perjury by you or

others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

    (The notices above do not excuse Defendant's obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  *Woods*, 684 F.3d at 935.)

    d.    Defendant shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

    e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    5.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

    6.    All communications by Plaintiff with the court must be served on Defendant or Defendant's counsel, once counsel has been designated, by mailing a true copy of the document to them.

    7.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro*

1  *se* party indicating a current address.  *See* L.R. 3-11(b).

2        8.    Upon a showing of good cause, requests for a reasonable extension of time will be

3  granted provided they are filed on or before the deadline they seek to extend.

4        IT IS SO ORDERED.

5  Dated:  October 12, 2016

                                        DONNA M. RYU
                                      United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL H. STARR,<br><br>    Plaintiff,<br><br>  v.<br><br>R. ERGUIZA,<br><br>    Defendant. | Case No. 4:16-cv-01459-DMR<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 12, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael H. Starr ID: AR5414
Salinas Valley State Prison (SVSP)
P. O. Box 1020
Soledad, CA 93960-1020

Dated: October 12, 2016

                                        Susan Y. Soong
                                        Clerk, United States District Court

                                        By:_____
                                        Ivy Lerma Garcia, Deputy Clerk to the
                                        Honorable DONNA M. RYU